IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Gerardo Villavicencio | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Sunrise Credit Services, Inc. | ) | |
| 260 Airport Plaza, Suite | ) | |
| Farmingdale, NY 11735 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Gerardo Villavicencio, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Sunrise Credit Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e and 1692f

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

5. Plaintiff, Gerardo Villavicencio (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
6. Plaintiff is a resident of the State of Illinois.
7. Defendant, Sunrise Credit Services, Inc.. ("Defendant"), is a New York business entity with an address of 260 Airport Plaza, Farmingdale, NY 11735 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to Sunrise Credit Services, Inc.
9. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $216.51 (the "Debt") to an original creditor (the "Creditor")
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. On February 9, 2015, Plaintiff received a collection letter which showed their account number on the envelope. See Exhibit A.
14. Said collection letter by Defendant, the letter stated "Experience has proved that collection efforts are necessary, when the debtor does not respond. Therefore your attention is important and may avoid further collection activities. See Exhibit A.
15. It is important to note that in fact, the collection process had begun before this letter was sent to Plaintiff.
16. This is an explicit if not implicit threat for unstated collection efforts of

Plaintiff did not respond.

17. Defendant was threatening new action which was either illegal or that it had no intention of taking.

18. Furthermore, this letter overshadowed and/or confused Plaintiff regarding his rights under 1692g.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.

21. The Defendants' conduct violated 15 U.S.C. Section 1692g in that the threat contained in this letter gave the Plaintiff the impression that further collection activities would occur over Plaintiff's "Mini-Miranda" rights.

22. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

23. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

24. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff